By the Court.
The defendant in error recovered a judgment upon the verdict of a jury in the court of common pleas of Cuyahoga county. Judgment was affirmed by the court of appeals, and the case is here for review.
*268 The only error here complained of is .the overruling of a challenge to the array before the jury was empaneled. The ground of challenge was that the jury had not been selected, drawn and summoned according to law.
The bill of exceptions discloses the following facts:
On May 5, 1919, the jury wheel became empty and the following order was issued to the jury commission: “It appearing to the court that the jury wheel has become entirely empty, it is ordered by the court, that the names of 1,000 persons, having the qualifications of electors of such county, be selected, written and deposited in such wheel by the jury commission, to serve as jurors, and in accordance with Section 11424 of the General Code of Ohio.”
Thereupon the commission instructed its secretary, who was not a jury commissioner, to copy from the registered-voters’ list every fiftieth name, and in pursuance of the instruction thus given the secretary in the absence of the commission copied every fiftieth name from the poll books and delivered the list without certification, so copied in the absence of the commission, to the clerk of the court, who, in turn, had his stenographer, in the absence of the commission, write the names upon perforated slips, which perforated slips were in the absence of the commission deposited by the clerk in the jury wheel. The commission did not know any of the persons whose names had been so selected and took no steps to inform itself as to their qualification; did not know whether its in *269 struction to its secretary had been complied with; did not ascertain the jury wheel to be entirely empty; did not know whether the names selected by its secretary were placed in the jury wheel; did not know whether other names than those selected by its secretary were deposited in the jury wheel; and did not know whether the jury wheel was locked.
Sections 11423 and 11424, General Code, provide :
“Sec. 11423. On the fourth Monday in May, the jury commissioners shall meet at the court house at 10 o’clock in the forenoon and shall there select such number of judicious and discreet persons, having the qualifications of electors of such county, as the court may direct, to be selected as nearly as may be from the several wards and townships in proportion to their respective population. No person shall be so selected who shall not, in the judgment of such commissioners, be competent in every respect to serve as a juror. When it shall become necessary, the commissioners shall meet at such time and place as the court of common pleas or a judge thereof may appoint, and shall there select such number of persons as the court by its order may direct and the names of such persons shall be selected, written and deposited in .such wheel and certified to, as hereafter provided. The issuance, by order of court, of special .venires shall not be affected.
“Sec. 11424. After the jury commissioners have first ascertained the jury wheel to be entirely empty, the names of the persons so selected shall *270 be written by the clerk of the court of common pleas on separate pieces of paper, uniform in size, quality and color, which shall be placed in such wheel and securely locked therein in the presence of the commissioners. The commissioners, at the same time, shall make- and sign a certificate containing all of such names, which they shall certify to be the names ,of the persons selected at the time and place aforesaid to serve as jurors for the ensuing year as their names shall be drawn, and that they are the same names as those placed in the wheel, which certificate shall be filed with the clerk. The wheel shall be securely locked at all times, except when by order of court or a judge thereof, it shall be necessary to place names in it or draw them from it in the manner herein provided. The clerk shall be the custodian of the wheel and the court or a judge thereof shall be the custodian of the keys.”
The legislature in the wording of these two sections used the verb “shall” nineteen times and the language is as mandatory as it could, select, and it specifically required of the commission that it exercise its judgment as to the competency of each person selected. To hold that the selection of a jury as this jury was selected is a substantial compliance with the law is to nullify its every provision, for if the commission can ignore as many of its essential provisions as it here ignored it can ignore them all and inaugurate a system all its own.
This court, however, has held in State v. Barlow, 70 Ohio St., 363: “The manner of selecting and drawing juries concerns the public rather than the parties in a cause. The statutory provision there *271 for relates neither to the right of a party as to the merits, nor to the remedy for the vindication of that right, within the meaning of section 79, Revised Statutes.”
With this holding in the main we can and do agree. But we cannot agree that where the public has failed to institute proceedings to require the commission to perform' its function a litigant whose cause is to be determined by a jury so unlawfully selected is therefore precluded from making his challenge thereto.
But it is contended that Section 11436, General Code, “A challenge to the array may be made and the whole array set aside by the court, when the jury, grand or petit, was not selected, drawn or summoned, or when the officer who executed the venire did not proceed as prescribed by law,” makes the sustaining of the challenge discretionary with the trial judge. To so hold in the instant case would require the holding that Sections 11423 and 11424, General Code, were merely directory and might be disregarded at will, a declaration which this court cannot justify.
We are not, however, holding that the method of selecting the tentative list from the "poll books is condemned where the provisions of the statutes are complied with in so doing.
■ The judgment of the court below is reversed and the cause remanded for further proceedings according to law.

Judgment reversed.

Jones, Matthias, Johnson, Donahue, Wanamaker and Robinson, JJ., concur.